**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6459**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES R. NIBLOCK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:02-cr-00568-GBL-1)

Submitted: July 23, 2015                    Decided: July 27, 2015

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

James R. Niblock, Appellant Pro Se. William P. Jauquet, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James R. Niblock seeks to appeal his 2003 criminal judgment imposed following his guilty plea to five counts of wire fraud, in violation of 18 U.S.C. § 1343 (2012). The district court entered judgment on August 1, 2003. At that time, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure required a defendant in a criminal case to file his notice of appeal within ten days of the entry of judgment.[1] With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

Niblock filed his notice of appeal on March 26, 2015. Because Niblock failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal as untimely.[2] Niblock's motion for transcripts at government expense is denied. We dispense with oral argument because the facts and legal

---

[1] Rule 4 was amended effective December 1, 2009, to establish a 14-day appeal period. Fed. R. Crim. P. 4(b)(1)(A) (2009).

[2] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Niblock's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. See United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED